**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Massage Envy Limited, LLC, an Arizona limited liability company; and United Club Services, LLC, an Arizona limited liability company,<br><br>            Plaintiffs,<br><br>vs.<br><br>JS and D, an Arizona sole proprietorship; Barbara Hodge, individually; Fitness International, Inc., an Arizona corporation; Lawrence Whitnall; and The Massage Company, LLC, a Texas limited liability company,<br><br>            Defendants. | No. CIV 04-2011-PHX-EHC<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Counts Six, Seven and Eight of the Amended Complaint. [Dkt. 46]. The Motion is fully briefed.

**Allegations in the Amended Complaint**

Plaintiff United Club Services, LLC is the managing member of Plaintiff Massage Envy Limited, LLC. [Dkt. 45, pp. 1-2]. Plaintiff Massage Envy is allegedly "becoming a well-known provider of massage and personal health products and services." [Dkt. 45, p. 3]. Plaintiff Massage Envy uses a franchise system, allowing "its franchisees to utilize the marks, trade dress, processes, and systems of operation associated with Massage Envy." [Dkt. 45, p. 3].

1 On July 18, 2001, Defendant Fitness International, Inc. allegedly became a member
2 of Plaintiff United Club. [Dkt. 45, p. 8]. Plaintiffs allege that Defendant Fitness' sole
3 shareholder is Defendant Lawrence Whitnall. [Dkt. 45, p. 8]. Based on Whitnall's
4 relationship to Plaintiff United Club, Plaintiffs alleged that "[f]rom July 2001 to July 2003,
5 Whitnall... was an active participant in [Plaintiff] Massage Envy's business, including its
6 key decision-making regarding the roll-out and long term development of the franchise
7 system." [Dkt. 45, p. 8].

Plaintiffs further allege that "[f]rom December 2002 to February 2003, [Defendant]
9 Whitnall worked as a full-time employee of [Plaintiff] Massage Envy and held the position
10 of Director of Franchise Development." [Dkt. 45, p. 9]. In that position, Defendant Whitnall
11 was allegedly "an integral part of Massage Envy's management team... [and] was privy to
12 Massage Envy's confidential plans and strategies for the development of franchises in
13 Texas and other geographic regions." [Dkt. 45, p. 9].

14 "On May 9, 2003, [Plaintiff] Massage Envy and [Defendant] JS and D [an Arizona
15 limited liability company] entered into a Franchise Agreement for the operation of a
16 Massage Envy franchise... [in] Mesa, Arizona. [Dkt. 45, p. 4 (parenthetical omitted)]. The
17 Franchise Agreement allegedly provided "specific design and layout specifications in the
18 construction and renovation of the franchise" and provided that "the fixtures, furniture,
19 items of equipment, furnishing and signs" used in the franchise must be approved by
20 Plaintiff Massage Envy. [Dkt. 45, p. 4 (parenthetical omitted)]. Defendant Barbara Hodge,
21 the managing member of Defendant JS and D, allegedly personally guaranteed the
22 Franchise Agreement. [Dkt. 45, p. 4].

23 On July 16, 2003, Defendant Fitness allegedly "terminated its relationship with
24 [Plaintiff United Club]," ending Defendant Whitnall's relationship with Plaintiffs. [Dkt. 45,
25 p. 9]. In November 2003, Defendant JS and D allegedly "sold the Franchise to a third party
26 and the franchise relationship with Massage Envy terminated." [Dkt. 45, p. 7].

In December 2003, Defendants Hodge and Whitnall, with three non-parties, allegedly "formed a Texas limited liability company called 'The Massage Company'" (Defendant TMC), which operates "a massage and personal health business in Plano, Texas." [Dkt. 45, pp. 7-8]. Defendant TMC was allegedly "formed for the purpose of operating a massage and personal health business that is either identical or substantially similar in all respects to a standard Massage Envy retail facility." [Dkt. 145, p. 8].

**Procedural History**

On September 24, 2004, Plaintiffs filed a Complaint with seven counts. On May 27, 2005, the Court stayed Counts One through Five pending the conclusion of arbitration proceedings, pursuant to the parties agreement that the Franchise Agreement subjected those claims to mandatory arbitration. [Dkt. 43, pp. 3-4].

The Court also granted Plaintiffs leave to amend Counts Six and Seven and leave to add Count Eight, for breach of guaranty against Defendant Hodge. [Dkt. 43, p. 4]. On June 10, 2005, Plaintiffs filed an Amended Complaint.[1]

The parties agree that Count Eight is governed by the Franchise Agreement and thereby subject to mandatory arbitration. [Dkts. 46, pp. 3-4; 50, p. 4]. The Court will stay Count Eight pending the conclusion of arbitration proceedings.

**Legal Standard**

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (citation omitted). All material allegations of the complaint must be accepted as true and in a light most favorable to Plaintiff. In re Broderbund/Learning Co. Securities Litigation, 294 F.3d 1201, 1203 (9th Cir. 2002).

---

[1] The Amended Complaint includes amendments to Counts One through Five. The Court found that "[b]ecause Counts One through Five will be referred to arbitration, the Court will deny as moot Plaintiff's Motion to Amend those Counts of the Complaint." [Dkt. 43, p. 3]. As Counts One through Five are stayed and may be resolved in arbitration, the Court will not consider the propriety of amending those Counts at this time.

## Discussion

### A.  Personal Jurisdiction over Defendants Hodge, Whitnall and TMC

The plaintiff bears the burden of showing personal jurisdiction is proper. <u>Dole Food Company, Inc. v. Watts</u>, 303 F.3d 1104, 1108 (9th Cir. 2003). Where the motion is decided without an evidentiary hearing, the court asks only whether the "pleadings and affidavits make a prima facie showing of personal jurisdiction," with any conflicts between the parties resolved in the plaintiff's favor. <u>Id.</u>

If, as here, there is no applicable federal statute, the court applies the personal jurisdiction statute of the state in which it sits. See <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir. 1998). Under Arizona law, a court may exercise personal jurisdiction over parties to the extent permitted by the United States Constitution. Ariz. R. Civ. P. 4.2(a). The Constitution allows a court to exercise jurisdiction over non-resident parties who have minimum contacts with the forum state such that suit in the forum state does not offend "traditional notions of fair play and substantial justice." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004). Specific jurisdiction is proper if a non-resident defendant has (1) purposefully taken action in the forum state and received the benefits of the forum state's laws; (2) the claim arises out of that action; and (3) exercising jurisdiction is reasonable. <u>Core-Vent Corp. v. Nobel Industries AB</u>, 11 F.3d 1482, 1484 (9th Cir. 1993).

#### 1. Defendant Hodge

Parties may consent "to submit their controversies for resolution within a particular jurisdiction." <u>Chan v. Society Expeditions</u>, 39 F.3d 1398, 1406 (9th Cir. 1994). "Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process." <u>Id.</u> (quotations omitted). Plaintiff Massage Envy and Defendant Hodge entered a Franchise Agreement providing as follows:

> you and your owners agree that all actions arising under this Agreement or otherwise as a result of the relationship between you and us must be

> commenced in the state, and in the state or federal court of general jurisdiction closest to, where our principal business address then is located, and you (and each Owner) irrevocably submit to the jurisdiction of those courts and waive any objection you (or the Owner) might have to either the jurisdiction of or venue in those courts.

[Dkt. 1, ex. 1, p. 39]. The parties agree that Plaintiffs' claim against Defendant Hodge is governed by the Franchise Agreement. Plaintiff Massage Envy's principal place of business is in Scottsdale, Arizona. [Dkt. 45, p. 1]. Defendant Hodge does not argue this forum selection clause is unenforceable. Defendant Hodge has consented to this Court's exercise of personal jurisdiction over her.

### 2.   Defendant Whitnall

From December 2002 to February 2003, Defendant Whitnall allegedly "worked as a full-time employee of Massage Envy and held the position of Director of Franchise Development." [Dkt. 45, p. 9]. In that role, Defendant Whitnall was allegedly "an integral part of [Plaintiff] Massage Envy's management team, and was involved in every aspect of developing and growing [Plaintiff] Massage Envy's business, which included prospecting new territories for future franchises." [Dkt. 45, p. 9]. Plaintiff further alleges that " [f]rom July 2001 to July 2003, [Defendant] Whitnall... was an active participant in [Plaintiff] Massage Envy's business, including its key decision-making regarding the roll-out and long term development of the franchise system." [Dkt. 45, p. 8]. Defendant Whitnall's alleged active participation was in his role as sole shareholder of Defendant Fitness, a managing member of Plaintiff United Club, who was in turn a managing member of Plaintiff Massage Envy. [Dkt. 45, pp. 2, 8]. These allegations, if true, demonstrate that Defendant Whitnall had extensive and intentional contact with Plaintiffs Massage Envy and United Club, citizens of Arizona, related to the development of their business and franchises. Because that conduct is the basis for Plaintiffs' claims against him, Defendant Whitnall had sufficient contacts with Arizona citizens to make this Court's exercise of personal jurisdiction against him reasonable.

//

//

- 5 -

### 3. Defendant TMC

In December 2003, Defendant Hodge and Whitnall formed Defendant TMC, a Texas company. [Dkt. 45, p. 7]. Plaintiff alleges that Defendant TMC "was formed for the purpose of operating a massage and personal health business that is either identical or substantially similar in all respects to a standard Massage Envy retail facility." [Dkt. 45, p. 8]. Defendant TMC's business operations in Texas allegedly constitute infringement of trade dress. [Dkt. 45, pp. 17-19]. If Defendants Hodge and Whitnall formed Defendant TMC to infringe on Plaintiffs' trade dress, such action aimed toward an Arizona entity arguably is sufficient to make the exercise of personal jurisdiction reasonable. See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002).

### B. Counts Six and Seven: Trade Dress Infringement

Trade dress is "the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1258 (9th Cir. 2001). To state a claim for trade dress infringement, a plaintiff must allege: "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." Id.; Restatement (Third) of Unfair Competition, § 16.[2] "Restaurants and similar establishments may have a total visual appearance that constitutes predictable trade dress." Id. (interior features of a pool hall can constitute actionable trade dress); see also Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826

---

[2] At this stage of the litigation, the Court need not decide which state's law governs Count Seven, a claim for trade dress infringement under state law. Any injury caused by this claim arguably occurred in Arizona, where Plaintiffs operate. The acts of trade dress infringement arguably occurred in Texas, where Defendant TMC operates. Both Arizona and Texas follow the Restatement (Third) of Unfair Competition. See Enter. Leasing Co. v. Ehmke, 197 Ariz. 144, 148, 3 P.3d 1064, 1068 (Ct. App. 1999); In re Bass, 113 S.W. 735, 739 (Tex. 2003).

F.2d 837, 841 (9th Cir. 1987) ("a restuarant's decor, menu, layout and style of service may acquire the source-distinguishing aspects of protectable trade dress").

Plaintiffs allege that Defendants "JS and D, Whitnall and [TMC]... have used or are currently utilizing words, terms, symbols, devices, elements, color schemes, decor, lay out and/or designs in their massage and personal health business..., which are inherently distinctive of [Plaintiff] Massage Envy." [Dkt. 45, p. 17]. Plaintiff further alleges that Defendant TMC operates "a massage and personal health business that is either identical or substantially similar in all respects to a standard Massage Envy retail facility." [Dkt. 145, p. 8]. These allegations state a claim for trade dress infringement.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [dkt. 46] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Count Eight of the Amended Complaint, with the previously stayed Counts One through Five, is **STAYED** pending the conclusion of arbitration proceedings concerning that Count.

DATED this 31st day of March, 2006.

_____
Earl H. Carroll
United States District Judge